United States District Court
Southern District of Texas
ENTERED
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JOSEPH ANTHONY REYNA | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIV. NO. 7:26-00052 |
| | § | |
| MORTIMER PRODUCTION | § | |
| COMPANY | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Plaintiff, Joseph Anthony Reyna, proceeding *pro se*, initiated this action by filing a Complaint on January 27, 2026, naming Mortimer Production Company as the sole Defendant. (*See* Dkt. No. 1). Plaintiff's grievance stems from a mineral royalty dispute held by Plaintiff's deceased grandmother in Starr County, Texas, for which he seeks judicial clarification, equitable accounting, and record access. (*Id.* at 1). Defendant filed Defendant Mortimer's Rule 12(B)(1) Motion to Dismiss and, Subject Thereto, Answer to Complaint for Declaratory Relief ("Defendant's Motion") on April 21, 2026. (*See* Dkt. No. 25). This case was subsequently referred to the undersigned magistrate judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b) and LR 72. (*See* Dkt. No. 16).

After careful review of the record and relevant law, the undersigned recommends Defendant's Motion (Dkt. No. 25) be **GRANTED** and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**. It is further recommended that Plaintiff's Motion for Protective Order and No-Contact Order (Dkt. No. 22), Plaintiff's Motion for Preservation of Evidence, Opposition to any Motion to Dismiss on Standing Grounds, and Notice of Supplemental Correspondence and New

Evidence (Dkt. No. 23), Plaintiff's Motion for Standing Order Requiring all Proceedings, Communications, and Conferrals to be Conducted in Writing (Dkt. No. 31), Plaintiff's Motion for Preliminary Injunction Preventing July 1, 2026, Escheat of Suspended Royalty Funds and Memorandum of Law in Support (Dkt. No. 35), Plaintiff's Motion for Preliminary Injunction Preventing July 1, 2026, Escheat of Suspended Royalty Funds and Memorandum of Law in Support (Dkt. No. 36), and Plaintiff's Motion to Deem Preliminary Injunction Timely Filed Nunc Pro Tunc as of May 18, 2026 (Dkt. No. 37) be **DENIED as moot**.

## I. BACKGROUND

### A. Plaintiff's Original Complaint

Plaintiff filed his Complaint for Declaratory Relief, Equitable Accounting, and Related Non-Monetary Relief ("Plaintiff's Complaint") on January 27, 2026.[1] (*See* Dkt. No. 1). There, Plaintiff claims that Defendant has acknowledged that Manuela L. Villareal held a royalty interest associated with the Margo/Pena #3 and #4 wells in Starr County, Texas tied to Porción 83. (*Id*. at 6). Defendant allegedly reported the interest to the Texas Comptroller, reflecting a royalty decimal of 0.00001490, and further acknowledged holding $2.31 in suspense under Ms. Villareal's name, which would have been escheated absent Plaintiff's intervention. (*Id.*).

In June 2025, Plaintiff began sending written requests for the division order or lease establishing the decimal, royalty payment and suspense ledgers, identification of wells or units reflecting the interest, and confirmation of record preservation. (Dkt. No. 1 at 6-7). In support, Plaintiff provided a death certificate, an updated affidavit of heirship compliant with Texas law,

[1] Plaintiff's *pro se* petition is entitled to a more liberal construction than those drafted by practicing attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) ("It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a [filing].").

and repeated assurance that no immediate payment demand was being made. (*Id.* at 7). In response, Defendant acknowledged the interest but refused to produce source documents and demanded Plaintiff first prove entitlement to the funds. (*Id.*). Defendant suggested seeking public records independently, "despite retaining exclusive internal accounting records not available through county filings." (*Id.*). Without access to the internal records, Plaintiff claims he cannot verify whether payments were correctly calculated, determine whether additional funds were paid or escheated, or protect the estate from further loss. (*Id.* at 8).

In state court, Plaintiff has filed a "Texas Rule 202 pre-suit discovery petition in Starr County seeking limited record access[,]" noting that the proceeding is non-adjudicatory and does not resolve the merits of the present claims. (*Id.*).

Plaintiff explains that this is a "non-damages, non-accusatory civil action seeking judicial clarification, equitable accounting, and record access concerning a mineral royalty interest held in the name of Plaintiff's deceased grandmother," relating to oil and gas production in Starr County, Texas. (Dkt. No. 1 at 2). Plaintiff emphasizes that he seeks only narrow relief: (1) declaratory relief resolving uncertainty over rights and obligations; (2) an equitable accounting of royalty records exclusively controlled by Defendant; and (3) preservation of records necessary to prevent irreparable loss, misallocation, or escheat. (*Id.*). Plaintiff claims Defendant has admitted the existence of the royalty interest, the applicable decimal, and the maintenance of funds in suspense, all while declining to produce source documents and ledgers necessary to verify calculation, payment history, and compliance. (*Id.* at 2-3).

With regard to jurisdiction, Plaintiff argues the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 2201(a), "because this action presents an actual case or controversy involving federally cognizable procedural and informational injuries, including denial of access to

records necessary to protect property interests and prevent imminent deprivation through escheat." (Dkt. No. 1 at 3). Plaintiff further explains he has standing based on concrete informational injury because Defendant has denied access to records they are legally obligated to maintain, procedural injury "creating material risk of loss of property rights[,]" traceability to Defendant's exclusive control of records, and redressability through declaratory and equitable relief. (*Id*. at 3-4).

In the alternative, Plaintiff claims the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related Texas state law claims necessary to fully resolve the controversy. (Dkt. No. 1 at 4). Then, "Plaintiff expressly acknowledges this Court's discretion under *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and pleads this action narrowly to avoid interference with parallel state proceedings while preserving federal adjudicatory clarity." (*Id.*).

Plaintiff seeks relief under four Counts. Under Count I, pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that: (1) Defendant maintains exclusive control over records necessary to verify the royalty interest; (2) Plaintiff is entitled to access such records for verification and preservation purposes; and (3) record access is independent of immediate payment or distribution. (Dkt. No. 1 at 9-10).

Under Count II, Plaintiff seeks an Equitable Accounting under Texas Common Law because Defendant exclusively controls "complex royalty records spanning multiple years[,]" Plaintiff lacks an adequate legal remedy without court-ordered accounting, and Texas law authorizes equitable accounting under these circumstances. (Dkt. No. 1 at 10).

With regard to Count III, and in the alternative, contingent on the results of the accounting, Plaintiff seeks a claim of Money Had and Received, to the extent that Defendant may hold funds belonging to the estate because "equity requires transparency and reconciliation." (Dkt. No. 1 at 10-11).

Count IV seeks confirmation, pursuant to Texas Natural Resources Code §§ 91.402-91.504, that Defendant's practices comply with statutory obligations to the extent revealed by the accounting, but cautions that Plaintiff does not allege a statutory violation at this stage. (Dkt. No. 1 at 11).

Finally, Plaintiff seeks confirmation that Defendant, since being on notice of the dispute as of June 2025, has preserved royalty ledgers, suspense account histories, division order calculations, escheat transmittal files, and access/change logs. (Dkt. No. 1 at 12).

### B. Defendant's Motion to Dismiss

Defendant filed Defendant's Motion[2] on April 21, 2026. (*See* Dkt. No. 25). Defendant contends that Plaintiff's Complaint should be dismissed under Rule 12(b)(1) for lack of standing and lack of subject matter jurisdiction and, alternatively, under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. (*Id.* at 1).

First, Defendant argues Plaintiff does not have standing. Because he is not a royalty interest owner, Plaintiff is not entitled to the rights under Section 91.504-505 of the Texas Natural Resources Code. (Dkt. No. 25 at 9-10). Then, Plaintiff has not alleged he is a licensed attorney or that he holds a valid power of attorney and he may not represent the interests of other members in his family as a *pro se* litigant. (*Id*. at 10-11).

Second, Defendant suggests the Court does not have subject matter jurisdiction. Defendant claims there is no federal question here where Plaintiff seeks information under Texas law, asserts rights under Texas common law, relies on the Texas Estates Code, and has filed two separate Texas

[2] On May 4, 2026, the Court received various filings from Plaintiff by email correspondence, including a substantive response to Defendant's Motion. On May 28, the Court docketed an Order noting that Plaintiff's method of filing was impermissible and ordered Plaintiff "to file the subject motion, and any additional filings he wishes the Court to consider, through the District Clerk's office[.]" (Dkt. No. 32 at 1-2). While Plaintiff has furnished the Court with a flurry of filings, the relevant Response remains absent. Thus, it was not considered within this Memorandum.

state court proceedings to adjudicate some of the same issues raised here. (Dkt. No. 25 at 12). Similarly, there is no jurisdiction under the Declaratory Judgment Act (28 U.S.C. § 2201(a)) because the Act is not an independent source of subject-matter jurisdiction without a legitimate federal question. (*Id.* at 12-13). Likewise, Plaintiff's Due Process accusations fail to provide a basis for subject matter jurisdiction because Plaintiff alleges no state action, and Defendant is a private company. (*Id.* at 13).

Defendant also argues that Article III does not confer subject matter jurisdiction. (Dkt. No. 25 at 13-14). Finally, because there is no original jurisdiction to attach to, Plaintiff cannot claim supplemental jurisdiction over the state law claims, even if they derive from a common nucleus of operative fact. (*Id.* at 14).

Third, Defendant contends that Plaintiff's suit should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff fails to state a claim. (Dkt. No. 25 at 14). Defendant argues that Plaintiff's claims lack an arguable basis in fact and law, and the Court should dismiss the lawsuit under the cited screening provisions. (*Id.* at 15).

### C. Plaintiff's Filings

Plaintiff filed Plaintiff's Motion for Protective Order and No-Contact Order on April 8, 2026. (*See* Dkt. No. 22). Pursuant to Federal Rule of Civil Procedure 26, Plaintiff asks the Court to: (1) prohibit Defendant, Counsel, or agents from contacting the listed individuals or any other family member who is a royalty interest owner; (2) direct all personal information regarding such to be filed under seal; (3) require that any communication intended to those family members to be directed exclusively to Plaintiff's email; and (4) find that the chilling effect caused by Defendant's Counsel's repeated allegations of perjury constitute irreparable harm to a statutory rights-holder's exercise of rights under TNRC § 91.504. (*Id.* at 3-4).

Plaintiff filed Plaintiff's Motion for Preservation of Evidence, Opposition to Any Motion to Dismiss on Standing Grounds, and Notice of Supplemental Correspondence and New Evidence on April 8, 2026. (*See* Dkt. No. 23). There, Plaintiff seeks: (1) a preservation order requiring Defendant to maintain specifically identified records; (2) denial of any anticipated motion to dismiss on standings grounds; and (3) judicial notice of new evidence, including the Death Certificate of Decedent and Defendant's own Payment Records confirming the interest. (*Id.* at 3).

Plaintiff filed Plaintiff's Motion for Standing Order Requiring all Proceedings, Communications, and Conferrals to be Conducted in Writing on May 26, 2026. (*See* Dkt. No. 31). Plaintiff requests that all hearings and conferences and all Rule 26(f) and discovery conferrals be conducted exclusively in writing, and that all communications from opposing counsel shall be made in writing to Plaintiff's email address. (*Id.* at 9). Further, Plaintiff asks that all orders, notices, and scheduling communications be served on Plaintiff by mail and that Plaintiff be granted fourteen additional days beyond any standard deadline to respond to motions, discovery requests, and court orders. (*Id.* at 10).

Plaintiff filed Plaintiff's Supplemental Verified Notice of Newly Discovered Records Material to Plaintiff's Statutory Records-Access Claim on June 3, 2026. (Dkt. No. 34). Therein, Plaintiff includes a NARA FOIA Response (Exhibit A), NARA Follow-Up (Exhibit B), Plaintiff's Follow-Up Correspondence (Exhibit C), Plaintiff's NARA Targeted Pull Request (Exhibit D), and Defendant's Written Admission of Prior Document Production (Exhibit G). (*Id.* at 6-7). Plaintiff also includes references to a Texas GLO Patent File SPA 1-000334, Porción 83 (Abstract 130) (Exhibit E) and NARA OMF Original Maps: Texas-6 (1909), Texas-7 (1915), and Texas-8 (1919) (Exhibit F). (*Id.* at 6).

Plaintiff filed Plaintiff's Motion for Preliminary Injunction Preventing July 1, 2026, Escheat of Suspended Royalty Funds and Memorandum of Law in Support on June 8, 2026. (*See* Dkt. No. 35). Plaintiff asks the Court to enter a preliminary injunction enjoining Defendant from transferring, reporting, or escheating to the Texas Comptroller the suspended royalty funds, direct Defendant to preserve all records, ledgers, division orders, payment histories, and electronically stored information associated with the subject-property, waive the security requirement under Fed. R. Civ. P. 65(c), and issue a briefing schedule directing Defendant to respond and the Court to issue a ruling in advance of the July 1, 2026, escheat deadline. (*Id.* at 8). Attached to this Motion Plaintiff additionally includes Plaintiff's Motion for Authorization of Electronic Case Filing (CM/ECF) Access and Plaintiff's Motion for ADA Accommodation and Extended Time to Response. (Dkt. No. 35 at 14-17; 18-23).

Plaintiff filed what appears to be an identical Motion for Preliminary Injunction, without the additional motions added, on June 12, 2026. (*See* Dkt. No. 36).

Plaintiff filed Plaintiff's Motion to Deem Preliminary Injunction Motion Timely Filed Nunc Pro Tunc as of May 18, 2026, on June 12, 2026. (*See* Dkt. No. 37). Plaintiff asks the Court to direct the Clerk to enter the Preliminary Injunction onto the docket with an effective date of May 18, 2026. (*Id.* at 2).

## II. APPLICABLE LAW/ANALYSIS

### A. Standard of Review

#### 1. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6*

*Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* Dismissal on jurisdictional grounds alone is not on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

2. <u>28 U.S.C. § 1915(e)(2)(B)</u>

A complaint filed *in forma pauperis* is subject to the screening provisions of § 1915. The relevant portion of 28 U.S.C. § 1915 reads as follows:

> **(e)**
> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint filed *in forma pauperis* "may be dismissed as frivolous if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing 28 U.S.C. § 1915(e)(2)(B)(i); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). An action is considered frivolous where "there is no arguable legal or factual basis for the claim." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). An action may be considered factually frivolous "where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason*, 14 F.3d at 9 n.5.

Analysis of claims under § 1915A(b)(1) and § 1915(e)(2)(B) directs the court to apply the standards governing dismissal under Rule 12(b)(6). *Pacheco-Morales v. Belt*, SA-23-CV-00417-JKP, 2023 WL 9105552, at *3 (W.D. Tex. Aug. 3, 2023) (citing *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011)); *see also* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law[,]'" and also "if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Neitzke*, 490 U.S. at 326; *Iqbal*, 556 U.S. at 678). This plausibility standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense[,]" to reasonably infer that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678, 679 (citing *Twombly,* 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2) (alteration in original)).

3. Article III Standing

Before a federal court reaches the merits of a case, the court must address the issue of jurisdiction, including Article III standing. *Wilt v. Smith Cty. Sheriff's Office*, No. 6:25-CV-00118-JDL, 2025 WL 2991307, at *2 (E.D. Tex. July 21, 2025), *report and recommendation adopted*, 2025 WL 298849 (E.D. Tex. Oct. 23, 2025) (citing *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002); *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.2d 329, 331-32 (5th Cir. 2002)). To satisfy the Article III standing requirements, Plaintiff must show:

> (1) she suffered an "injury in fact" that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) her injury is fairly traceable to the challenged action of the defendant; and (3) "it is likely, as opposed to merely speculative," that her injury will be redressed by a favorable decision.

*Smith Cty. Sheriff's Office*, 2025 WL 2991307, at *2 (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

4. Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "'The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)) (alteration in original). Without subject matter jurisdiction, the Court is without authority to act. *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 926-27 (5th Cir. 2017).

**B. Plaintiff's Claims**

1. Federal Question Jurisdiction

Defendant argues that there is no federal question to supply subject matter jurisdiction, and the Federal Declaratory Judgment Act (28 U.S.C. § 2201(a)) is not an independent source of subject matter jurisdiction. (Dkt. No. 25 at 12-13). Defendant further contends that Article III does not convey subject matter jurisdiction. (*Id.* at 13-14).

Plaintiff bases the Court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2201(a) (the Declaratory Judgment Act), "because this action presents an actual case or controversy involving federally cognizable procedural and informational injuries, including denial of access to records necessary to protect property interests and prevent imminent deprivation through escheat." (Dkt. No. 1 at 3).

District courts have original jurisdiction over suits involving federal questions. *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 695 (5th Cir. 2017) (footnote omitted); *see* 28 U.S.C. § 1331; *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x., 401, 402 (5th Cir. 2013) ("Federal question jurisdiction exists with respect to 'all civil actions arising under the Constitution, laws, or treaties of the United States.'") (unpublished). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

However, the Declaratory Judgment Act does not supply an independent basis for federal subject matter jurisdiction.[3] The Supreme Court has explained "the Declaratory Judgments Act is

[3] A district court in the Southern District of Texas articulated the unique interplay between federal subject matter jurisdiction and the Declaratory Judgment Act:

not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (citation omitted). Thus, "in order to utilize the relief made available in the Federal Declaratory Judgment Act, the Court must necessarily have an independent basis for asserting jurisdiction over the subject matter of the case." *Port Drum Co. v. Umphrey*, 119 F.R.D. 26, 27 (E.D. Tex. 1988) ("It is settled law that 28 U.S.C. § 2201 et seq., commonly known as the Federal Declaratory Judgment Act, does not constitute a grant of jurisdiction to the Courts of the United States.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 670 (1950)); *see Champions Truck and Equipment, Inc. v. Patterson*, No. H-08-0108, 2008 WL 2810608, at *4 (S.D. Tex. July 21, 2008) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer federal-question jurisdiction. Rather, the Declaratory Judgment Act 'merely enables a party to achieve federal question jurisdiction over a suit to declare that a claim arising under *federal law* which another asserts against him is not valid.'") (citing *Gaar v. Quirk*, 86 F.3d 451, 453 (1996) (emphasis in original)).

Additionally, Plaintiff argues he has standing to bring his claims and delineates the requirements of such in support.[4] However, because the Court finds there is no federal question

---

> To determine whether jurisdiction exists in a claim for a declaratory judgment initially filed in federal court, the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question. The court instead must determine whether the course of action anticipated by the declaratory judgment plaintiff arises under federal law. A declaratory judgment action invoked federal question jurisdiction when the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law.

*Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F.Supp.2d 578, 584 (S.D. Tex. 2011) (internal quotations and citations omitted). As it does not appear, in Plaintiff's Complaint, that Defendant could file a coercive action arising under federal law, this scenario is not applicable.

[4] Defendant notes that Article III standing does not independently supply subject matter jurisdiction. (Dkt. No. 25 at 13-14). At times it may appear as if Plaintiff conflates standing with diversity/federal question subject matter jurisdiction, but the Court does not interpret Plaintiff to make this argument. However, the

or diversity subject matter jurisdiction, it need not answer the question of whether Plaintiff has satisfied the requirements of standing under Article III. *Rios v. Sound Exchange Inc*., SA-23-CV-01543-XR, 2024 WL 4919641, at *3 (W.D. Tex. Aug. 16, 2024) (collecting cases).

Likewise, Plaintiff makes stray reference to Due Process. [5] (Dkt. No. 34 at 4-5). But to implicate Due Process, Plaintiff must allege injury by state action. [6] And, the Court does not believe that Defendant, a private corporation, acts as an agent of the state when it complies, or will comply, with its statutory obligations. [7]

---

Court notes that both standing under Article III and either federal question or diversity subject matter jurisdiction are required for the Court to review the case. While a lack of Article III standing may remove the Court's jurisdiction, it is not enough, by itself, to sustain it.

[5] The Due Process Clause provides that *no state* shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The central premise of due process is to protect against arbitrary *government* action. *Sacramento v. Lewis*, 523 U.S. 833, 845 (1998).

[6] There is a "line between state action subject to [constitutional] scrutiny and private conduct (however exceptionable) that is not." *Ass'n of Am. Physicians and Surgeons Educ. Found. v. Am. Bd. of Internal Med*., 793 F.Supp.3d 882, 889 (S.D. Tex. 2025) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (alteration in original)). "The state action requirement ensures that 'constitutional standards are invoked 'when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.''" *Id.* (emphasis in original). The Fifth Circuit recognizes three tests for determining whether a state is responsible for a private entity's conduct:

> (1) the public-function test, whereby a private entity "may be deemed a state actor when [it] performs a function which is traditionally the exclusive province of the state"; (2) the coercion test, which provides that a state is "responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State"; and (3) the joint-action test, which holds state action exists when "the government has so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise."

*Id.* (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241-42 (5th Cir. 1999) (alterations in original). Plaintiff does not allege any of these theories which could affix the State label to Defendant's alleged actions, nor could any be reasonably said to apply to the present set of facts.

[7] The Court notes Plaintiff's selection of adversary skews the potential availability of a Due Process claim. For example, in *Schramm v. Mayrack*, a district court in Delaware noted that "[i]t is undisputed that the escheatment process at issue constitutes state action." No. 22-1443 (MN), 2023 WL 6387889, at *7 (D. Del. Sept. 29, 2023). There, similar to Plaintiff here, the plaintiffs alleged that "as a result of that state action, they suffered a deprivation of a property interest, specifically the shares of stocks they owned." *Id.* The state action was escheatment under the State's relevant statute. *Id.* However, in that case, the plaintiffs

Thus, the Court finds there is no federal question.

2. Diversity Jurisdiction

Plaintiff claims the Court has subject matter jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 23 at 4). Plaintiff contends the parties are citizens of different states and the amount in controversy exceeds $75,000.[8] (Dkt. No. 23 at 4). Specifically, Plaintiff explains that the Interest at stake is real property under Texas law whose market value, purportedly measured by the stream of future royalties, far exceeds the jurisdictional threshold. (*Id.*). Plaintiff notes that Defendant's Starr County wells produced gas and oil equivalent to annualized royalties exceeding $755,000 and advises that the "$100 suspense balance cited by Defendant's counsel in correspondence is an account balance, not the market value of the underlying real property interest." (*Id.*).

Defendant responds that there is no diversity of citizenship among the Parties, and the amount in controversy is substantially less than $75,000. (Dkt. No. 25 at 3).

The pertinent portion of § 1332 reads as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different states;

28 U.S.C. § 1332(a)(1). "In an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). Plaintiff, as the party invoking federal jurisdiction, bears the burden of

sued "employees of the Delaware State Government authorized to enforce the UPL and the State itself." *Id.* at *2. This distinction exposes a key flaw in Plaintiff's Complaint.

[8] Plaintiff does not identify 28 U.S.C. § 1332 (diversity jurisdiction) as a basis for subject matter jurisdiction in Plaintiff's Complaint (Dkt. No. 1). Plaintiff does, however, argue that diversity jurisdiction exists in Plaintiff's Motion for Preservation of Evidence (Dkt. No. 23). Because the Court must address subject matter jurisdiction, and in an abundance of caution, the undersigned reviews the requirements of § 1332 as a plausible predicate for subject matter jurisdiction.

establishing the amount in controversy by a preponderance of the evidence. *Id.* (citing *St. Paul Renaissance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). To determine whether Plaintiff has met this burden, "we must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount." *Id.* "If the amount in controversy is not apparent, we may then rely on 'summary judgment' type evidence." *Id.* In examining such evidence, "the jurisdictional facts must be judged as of the time the complaint is filed…." *Id.*

To start, while Plaintiff references the total amount of annualized royalties belonging to Defendant through its Starr County wells, valued at $755,000, Plaintiff makes no assertion that he is entitled to that amount, nor does he imply that any amount exceeding the $75,000 jurisdictional threshold is in dispute. Defendant claims that they have "escheated $57.37 to the State of Texas and, as of April 15, 2026, holds approximately $2.00 in suspense, which will be escheated on July 1, 2026, unless Ms. Villareal's heirs are established." (Dkt. No. 25 at 3-4). In fact, Plaintiff's own filings suggest that the amount in controversy is significantly short of the federal barrier to entry. (*See* Dkt. No. 1 at 6) ("Defendant further acknowledged holding $2.31 in suspense under Ms. Villareal's name[.]"); (Dkt. No. 23 at 8) ("Defendant's suspense figures are internally inconsistent: $2.31 in internal records versus 'less than $100' in April 2026 correspondence."). As mentioned, Plaintiff carries the burden to prove the jurisdictional amount is satisfied, but Plaintiff's Complaint is clear on its face, and it appears he has shown the inverse. However, even if this was not so, Plaintiff also fails to establish that there is complete diversity among the Parties.

Plaintiff's Complaint identifies himself as a "resident of Texas" and Defendant as "a Texas domestic for-profit corporation with its principal place of business in San Antonio, Texas[.]" (Dkt.

No. 1 at 5). Defendant's Answer admits this. (Dkt. No. 25 at 17). Defendant's Disclosure[9] shows both Plaintiff and Defendant as residents of Texas. (Dkt. No. 26 at 1). Other than Plaintiff's unsupported allegation that the Parties are citizens of different states, there appears to be no supporting facts in the record or within the filings to corroborate Plaintiff's contention. Thus, Plaintiff has failed to meet his burden.

Consequently, there is no subject matter jurisdiction under § 1332.

3. Supplemental Jurisdiction

Defendant argues no supplemental jurisdiction exists because "supplemental jurisdiction cannot be invoked unless and until original jurisdiction is first established." (Dkt. No. 25 at 14). Plaintiff explains that "this Court has jurisdiction under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over related Texas law claims necessary to fully resolve the controversy." (Dkt. No. 1 at 4).

If a district court has original jurisdiction over a civil action, the court "shall have supplemental jurisdiction over all other claims that are so related" to that civil action that "they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, "for a court to exercise supplemental jurisdiction it must first have original jurisdiction with respect to at least one of the parties' claims." *French Gourmet, Inc. v. FFE Transp. Servs., Inc.*, No. H-10-3503, 2011 WL 1230212, at *3 (S.D. Tex. Mar. 30, 2011).

Here, Plaintiff may not plead supplemental jurisdiction as a distinct, independent backway into the federal courtroom. Plaintiff must show that original jurisdiction exists with respect to at

[9] Both Parties have identified Defendant Mortimer as a corporation, which is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business (here, Texas). 28 U.S.C. § 1332(c)(1). The citizenship of unincorporated entities like limited partnerships and L.L.C.'s "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Plaintiff makes no assertion that Defendant is an unincorporated entity and, as it is Plaintiff's burden to allege diversity, he must do more than ponder.

least one of his claims. Because the Court concludes that no such original jurisdiction exists, it necessarily follows that supplemental jurisdiction likewise may not stand.

4. Standing

Defendant claims Plaintiff does not have standing because he is not a royalty owner, nor can he litigate on behalf of his grandmother's heirs. (Dkt. No. 25 at 9-11). Plaintiff pleads standing based on: "concrete informational injury (denial of access to records Defendant is legally obligated to maintain);" procedural injury creating material risk of loss of property rights; traceability to Defendant's exclusive control of records; and redressability through declaratory and equitable relief. (Dkt. No. 1 at 3-4).

Because the Court believes it lacks subject matter jurisdiction to consider the matter, it need not consider whether Plaintiff has standing to bring the claim.

5. 28 U.S.C. § 1915(e)(2)(B)

Defendant urges the Court, in the alternative, to dismiss the case with prejudice under the screening provisions of § 1915(e) because "this lawsuit and the relief [Plaintiff] seeks against [Defendant] is frivolous and 'lacks an arguable basis in fact and law.'" (Dkt. No. 25 at 14-15).

As mentioned, the Court recommends dismissing the case on jurisdictional grounds, and does not determine whether Plaintiff's claims should be dismissed by screening under § 1915(e).

**C. Additional Motions**

1. Motion for Protective Order

Plaintiff filed Plaintiff's Motion for Protective Order and No-Contact Order on April 8, 2026. (*See* Dkt. No. 22). There, Plaintiff claims he is "a documented whistleblower who has been doxed, targeted, and required to change his phone number and personal address due to prior harassment." (*Id.* at 1). Plaintiff then identifies six individuals as additional royalty interest

owners and potential witnesses in the proceeding. (*Id.* at 2). Then, Plaintiff claims Defendant has made written allegations of perjury on multiple occasions, requested Plaintiff's mother's direct email address, and referred to the Decedent as Plaintiff's "alleged grandmother[.]" (*Id.*). As a result, and pursuant to Federal Rule of Civil Procedure 26, Plaintiff asks the Court to: (1) prohibit Defendant, Counsel, or agents from contacting the listed individuals or any other family member who is a royalty interest owner; (2) direct all personal information regarding such to be filed under seal; (3) require that any communication intended to those family members to be directed exclusively to Plaintiff's email; and (4) find that the chilling effect caused by Defendant's Counsel's repeated allegations of perjury constitute irreparable harm to a statutory rights-holder's exercise of rights under TNRC § 91.504. (*Id.* at 3-4).

Because the Court recommends the dismissal of Plaintiff's Complaint, this Motion (Dkt. No. 22) should be denied as moot.

2. <u>Motion for Preservation of Evidence</u>

Plaintiff filed Plaintiff's Motion for Preservation of Evidence, Opposition to Any Motion to Dismiss on Standing Grounds, and Notice of Supplemental Correspondence and New Evidence on April 8, 2026. (*See* Dkt. No. 23). There, Plaintiff seeks: (1) a preservation order requiring Defendant to maintain specifically identified records; (2) denial of any anticipated motion to dismiss on standings grounds; and (3) judicial notice of new evidence, including the Death Certificate of Decedent and Defendant's own Payment Records confirming the interest. (*Id.* at 3).

Plaintiff first argues that the Court has "inherent equitable authority to order evidence preservation to prevent irreparable harm." (*Id.* at 9). Next, Plaintiff claims that waiver, equitable estoppel, and catch-22 estoppel foreclose dismissal on standing. (*Id.*). Then, Plaintiff asserts that Defendant violated their duty to provide notice before escheatment of property. (*Id.* at 9-10).

Plaintiff claims the perjury allegation is refuted by the Government's own official record. (*Id.* at 10). Plaintiff then argues that TNRC § 91.504 does not require the requestor to be a mineral owner. (*Id.*). Plaintiff suggests that a recorded affidavit of heirship constitutes constructive notice to all persons as a matter of law. (*Id.* at 10-11). Plaintiff then requests relief for spoliation, and, finally, Plaintiff claims that Defendant "cannot use the downstream consequences of its own statutory noncompliance as a procedural barrier to the remedy for that noncompliance." (*Id.* at 11).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion should be denied as moot.

3. Motion for Standing Order

Plaintiff filed Plaintiff's Motion for Standing Order Requiring all Proceedings, Communications, and Conferrals to be Conducted in Writing on May 26, 2026. (*See* Dkt. No. 31). Plaintiff claims he suffers from working memory collapse under real-time pressure, irreversible loss of reason under interruption, time blindness, auditory processing differences, inability to transfer preparation to oral performance on demand, and social communication differences under evaluative pressure. (*Id.* at 3-5). Accordingly, Plaintiff requests that all hearings and conferences and all Rule 26(f) and discovery conferrals be conducted exclusively in writing, and that all communications from opposing counsel shall be made in writing to Plaintiff's email address. (*Id.* at 9). Further, Plaintiff asks that all orders, notices, and scheduling communications be served on Plaintiff by mail and that Plaintiff be granted fourteen additional days beyond any standard deadline to respond to motions, discovery requests, and court orders. (*Id.* at 10).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion should be denied as moot.

4. Motion for Preliminary Injunction

Plaintiff filed Plaintiff's Motion for Preliminary Injunction Preventing July 1, 2026, Escheat of Suspended Royalty Funds and Memorandum of Law in Support on June 8, 2026. (*See* Dkt. No. 35). Plaintiff asks the Court to enter a preliminary injunction enjoining Defendant from transferring, reporting, or escheating to the Texas Comptroller the suspended royalty funds, direct Defendant to preserve all records, ledgers, division orders, payment histories, and electronically stored information associated with the subject-property, waive the security requirement under Fed. R. Civ. P. 65(c), and issue a briefing schedule directing Defendant to respond and the Court to issue a ruling in advance of the July 1, 2026, escheat deadline. (*Id.* at 8). Attached to this Motion Plaintiff additionally includes Plaintiff's Motion for Authorization of Electronic Case Filing (CM/ECF) Access and Plaintiff's Motion for ADA Accommodation and Extended Time to Response. (Dkt. No. 35 at 14-17; 18-23). Plaintiff filed a twin Motion for Preliminary Injunction on June 12, 2026, without the supplemental motions attached therein. (*See* Dkt. No. 36).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion should be denied as moot.

5. Motion to Deem Preliminary Injunction Timely Filed

Plaintiff filed Plaintiff's Motion to Deem Preliminary Injunction Motion Timely Filed Nunc Pro Tunc as of May 18, 2026, on June 12, 2026. (*See* Dkt. No. 37). Plaintiff asks the Court to direct the Clerk to enter the Preliminary Injunction onto the docket with an effective date of May 18, 2026. (*Id.* at 2).

Because the Court recommends dismissal of Plaintiff's Complaint, this Motion should be denied as moot.

## CONCLUSION

### *Recommended Disposition*

Accordingly, the Court recommends that Defendant's Motion (Dkt. No. 25) be **GRANTED** and Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**.[10]

The Court further recommends that the following motion be **DENIED as moot**:

- Plaintiff's Motion for Protective Order and No-Contact Order (Dkt. No. 22);
- Plaintiff's Motion for Preservation of Evidence, Opposition to any Motion to Dismiss on Standing Grounds, and Notice of Supplemental Correspondence and New Evidence (Dkt. No. 23);
- Plaintiff's Motion for Standing Order Requiring all Proceedings, Communications, and Conferrals to be Conducted in Writing (Dkt. No. 31);
- Plaintiff's Motion for Preliminary Injunction Preventing July 1, 2026, Escheat of Suspended Royalty Funds and Memorandum of Law in Support (Dkt. No. 35);
- Plaintiff's Motion for Preliminary Injunction Preventing July 1, 2026, Escheat of Suspended Royalty Funds and Memorandum of Law in Support (Dkt. No. 36); and
- Plaintiff's Motion to Deem Preliminary Injunction Timely Filed Nunc Pro Tunc as of May 18, 2026 (Dkt. No. 37).

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

[10] A dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) should be without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("A court's dismissal of a case resulting from a lack of subject matter jurisdiction is 'not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'") (citing *Ramming*, 281 F.3d at 161).

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall also provide a copy of this Order to Plaintiff and Counsel for Defendants.

**DONE** at McAllen, Texas, this 7th day of August 2026.

Juan F. Alanis
United States Magistrate Judge